**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**MARKO MILAKOVICH,**

        **Plaintiff,**

**-vs-**                                  **Case No. 6:11-cv-1244-Orl-31KRS**

**USCIS-ORLANDO, MARGARET
IGLESIAS, and PAULINE MCGAHEY,**

        **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF JURISDICTION AND FOR FAILURE TO STATE A CLAIM (Doc. No. 15)**
>
> **FILED:** **November 23, 2011**

**I.    PROCEDURAL HISTORY.**

On July 27, 2011, Plaintiff Marko Milakovich filed a complaint seeking review of an administrative record regarding his application for adjustment of status of his two foreign-born adopted sons to that of permanent resident aliens in the United States. The complaint did not list any defendant. Doc. No. 1. The complaint was dismissed without prejudice and Milakovich was given leave to file an amended complaint. Doc. No. 2.

Milakovich filed an amended complaint naming USCIS-Orlando and Margaret Iglesias and Pauline McGahey, individually, as defendants. Doc. No. 3. Before the defendants responded to that complaint, Milakovich filed a second amended complaint which named the same defendants. Doc. No. 8. Milakovich claims that Defendants had delayed the processing of I-600 forms[1] for his two internationally adopted sons. As a result, Milakovich was required to obtain visitor visas for his sons to come to the United States when Milakovich's military deployment ended. He alleges that the Defendants agreed to process the I-600 forms after the family returned to the United States. Instead, he contends that the Defendants now refuse to process the I-600 forms because the children entered the United States pursuant to visitor visas, stating that there was no way to correct errors USCIS may have made in the advice given to Milakovich regarding whether the I-600 applications would be processed after the family arrived in the United States.

Milakovich alleges that the failure to process the I-600 forms has deprived his him of due process rights and social security and medical benefits for his sons. He requests that the Court grant his sons citizenship in the United States as of the date the I-600 forms should have been processed, August 19, 2008, grant social security benefits to his sons (including payment of lost benefits since the children's arrival in the United States) and issue them passports. In the alternative, he requests a grant of permanent residency for his sons as of August 19, 2008. *Id*.

---

[1] The I-600 form is entitled "Petition to Classify Orphan as an Immediate Relative." It cannot be filed for a child habitually residing in a Hague Convention on Protection of Children and Co-Operation in Respect of Intercountry Adoption (Hague Adoption Convention) country unless the adoption occurred before April 1, 2008 or other grandfathering provisions apply. *See* Instructions for Form I-600, found online at http://www.uscis.gov/files/form/i-600instr.pdf (last visited 3/12/2012).

Defendants USCIS-Orlando, Iglesias and McGahey filed a motion to dismiss the first amended complaint, and Milakovich responded to the motion. Doc. Nos. 10, 12. The Court denied the motion to dismiss as moot. Doc. No. 13.

Defendants then filed the above-listed motion to dismiss. Doc. No. 15. They argue, among other things, that the Court does not have jurisdiction to hear Milakovich's case and that Milakovich has not exhausted his administrative remedies because he has not filed a Form I-130 and a Form I-485.[2] *Id.* Milakovich responded to the motion and also filed a Second Supplemental Pleading to the Court which added factual allegations to the complaint. Doc. Nos. 16, 17. The motion to dismiss was referred to me for the issuance of a report and recommendation and is now ripe for determination.

## II. ALLEGATIONS OF THE COMPLAINTS.

Milakovich alleges that he adopted two boys in India with the goal of bringing them to the United States. Doc. No. 1 at 1; Doc. No. 8 at 2-3. While he was stationed overseas as a member of the United States Air Force, Milakovich tried to file a "Petition to Classify an Orphan as an Immediate Relative" (Form I-600) on behalf of the children. Doc. No. 8 at 1-2. McGahey initially would not process the forms because she said the boys were residents of a Hague

---

[2] Form I-130 is a form for a citizen or lawful permanent resident of the United States to establish the relationship to certain alien relatives who wish to immigrate to the Untied States. *See* I-130, Petition for Alien Relative, found online at http://www.uscis.gov/portal/site/ uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnextoid=c67c7f9ded54d010VgnVCM1 0000048f3d6a1RCRD (last visited March 13, 2012). Form I-485 is an application to adjust a person's status to that of a permanent resident of the United States. Form I-485, found online at http://www.uscis.gov/portal/site/uscis/menuitem.5af9bb95919f35e66f614176543f6d1a/?vgnextoid =3faf2c1a6855d010VgnVCM10000048f3d6a1RCRD&vgnextchannel=db029c7755cb9010VgnV CM10000045f3d6a1RCRD (last visited March 13, 2012).

Adoption Convention signatory country. *Id*. at 2. Milakovich alleges that the Hague Adoption Convention does not apply to his children. *Id*.

Later, McGahey agreed to process the forms but Milakovich was scheduled to soon depart the Middle East country where he was deployed and, therefore, McGahey suggested Milakovich try to obtain B-2 visitor visas for the children with the understanding that the I-600 "process" would occur after they arrived in the United States. *Id*. The visitor visas were granted on humanitarian grounds. *Id*. After Milakovich and the boys arrived in the United States, McGahey accepted the I-600 forms but then later returned them to Milakovich and stated they could not be processed because the children had entered under visitor visas. *Id*.

On October 15, 2009, Margaret Iglesias, Field Office Director of the Orlando USCIS office, told Milakovich that no relief was possible to correct McGahey's error and that he should file I-130 (petition for alien relative) and I-485 (adjustment of status application) applications. Doc. No. 8 at 2-3. Milakovich did not file the I-130 and I-485 applications because he felt the filing of the applications would "constitute a cover up of mistakes of USCIS-Orlando" and because there was no certainty that the filing of the forms would result in a favorable outcome. *Id*.

In his Second Supplemental Pleading to Court, Milakovich alleges that the Social Security Administration agreed to issue social security numbers and pay benefits to his sons as soon as USCIS issued a statement on the children's status. Doc. No. 17. He alleges that USCIS issued a status report that incorrectly states that the visitor visas issued to his sons expired February 18, 2009. Therefore, the Social Security Administration will not issue social security cards or pay benefits to Milakovich's sons. Milokavich states that he is seeking compensatory damages, punitive damages and such other and further relief as this Court deemed jury an proper. *Id.*

**III.    ANALYSIS.**

In his Second Amended Complaint, Milakovich requests that his boys be granted citizenship pursuant to 8 U.S.C. §§ 1431, 1449; that his boys be granted lost social security benefits due to the denial of citizenship pursuant to 8 U.S.C. § 1401; and that in the alternative, his boys be granted permanent resident status pursuant to 8 U.S.C. §§ 1154, 1255.  Milakovich asserts deprivation of his due process rights in violation of 18 U.S.C. § 242.

Defendants assert that Milakovich has failed to state a basis for federal jurisdiction or a waiver of sovereign immunity.  They also assert that Milakovich's complaint fails to state a claim upon which relief can be granted.

*A.    18 U.S.C. § 242*.

Milakovich asserts that Defendants deprived him of due process in violation of 18 U.S.C. § 242. Section 242 provides as follows:

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnaping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

Section 242 is a criminal statute that does not create a private right of action. *See Paletti v. Yellow Jacket Marina, Inc.,* 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (per curiam); *Cuyler v. U.S. Dist. Ct.*, No. 6:11-cv-1225-Orl-31-GJK, 2011 WL 5525935, *1 n.3 (M.D. Fla. Nov. 14, 2011). Accordingly, 18 U.S.C. § 242 does not support exercise of federal jurisdiction over Milakovich's claims.

  *B.* *Portions of the Immigration and Nationality Act.*

Milakovich also asserts various sections of the Immigration and Nationality Act, including 8 U.S.C. §§ 1154, 1255, 1401, 1431 and 1449, in his complaint in support of jurisdiction. In addition, the Court notes that international adoption is governed under 8 U.S.C. § 1101. Defendants contend in their motion to dismiss that these statutes do not create a private right of action, without further support or briefing.

The Immigration and Nationality Act provides:

> Notwithstanding any other provisions of law (statutory or nonstatutory), including section 2241 of title 28 or any other habeas corpus provision and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review
>
> (i) any judgment regarding the granting of relief under section . . . 1255 of this title or
>
> (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. 1252(a)(2)(B). This statute prohibits a court from reviewing *any* discretionary decision or action of the USCIS. *Gupta v. Holder*, No. 6:11-cv-935-Orl-31GJK, 2011 WL 4460188, at *3 (M.D. Fla. Sept. 26, 2011) (citing *El-Khader v. Perryman*, 264 F. Supp. 2d 645, 649 (N.D. Ill.

-6-

2003); *Chaganti v. Chertoff*, No. 08 C 5768, 2008 WL 4663153, at *2 (N.D.Ill. Oct. 16, 2008)). The prohibition on judicial review for "this subchapter" includes decisions made under 8 U.S.C. §§ 1151 to 1378. *El-Khader*, 264 F. Supp. 2d at 648. Accordingly, from the plain text of the statute, this Court does not have jurisdiction over Milakovich's claim under 8 U.S.C. § 1255.

Several of the provisions of the Immigration and Nationality Act cited by Milakovich in his complaint give the Attorney General discretion to act and, therefore, decisions under these statutes are not subject to judicial review. *See* 8 U.S.C. 1154(a)(1)(J) ("In acting on petitions . . . or in making determinations, the Attorney General shall consider any credible evidence relevant to the petition. The determination of what evidence is credible and the weight to be given that evidence shall be within the sole discretion of the Attorney General."); 8 U.S.C. § 1255(a) ("The status of an alien . . . may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe . . . .").

Milakovich also cites 8 U.S.C. § 1401, but this statute applies to citizens at birth, and he has not argued or shown evidence that any of the circumstances in this statute would apply to his adopted children. Milakovich also relies on 8 U.S.C. § 1449, which refers to the contents of a certificate of naturalization. Because Milakovich's boys were not naturalized, and the rights to this certificate are derivative of the naturalization determination, this statute is not applicable at this time.

Milakovich also cites 8 U.S.C. § 1431, which does contain some mandatory language and provides as follows: "A child born outside of the United States automatically becomes a citizen of the United States . . ." when certain conditions are fulfilled. The automatic citizenship provision applies to international adoptions if the requirements of 8 U.S.C. § 1101(b)(1) are met. Title 8 U.S.C. § 1101(b)(1) defines a "child" in relevant part as follows:

> [A] child, younger than 16 years of age at the time a petition is filed on the child's behalf to accord a classification as an immediate relative under section 1151(b) of this title, who has been adopted in a foreign state that is a party to the Convention on Protection of Children and Co-operation in Respect of Intercountry Adoption, done at The Hague on May 29, 1993, or who is emigrating from such a foreign state to be adopted in the United States by a United States citizen and spouse jointly or by an unmarried United States citizen who is at least 25 years of age, Provided, That--
>
> **(I)** the Secretary of Homeland Security is satisfied that proper care will be furnished the child if admitted to the United States;
>
> **(II)** the child's natural parents (or parent, in the case of a child who has one sole or surviving parent because of the death or disappearance of, abandonment or desertion by, the other parent), or other persons or institutions that retain legal custody of the child, have freely given their written irrevocable consent to the termination of their legal relationship with the child, and to the child's emigration and adoption;
>
> **(III)** in the case of a child having two living natural parents, the natural parents are incapable of providing proper care for the child;
>
> **(IV)** the Secretary of Homeland Security is satisfied that the purpose of the adoption is to form a bona fide parent-child relationship, and the parent-child relationship of the child and the natural parents has been terminated (and in carrying out both obligations under this subclause the Secretary of Homeland Security may consider whether there is a petition pending to confer immigrant status on one or both of such natural parents) . . . .

8 U.S.C. § 1101(b)(1)(G). Thus, for a child to qualify for the automatic citizenship provisions in 8 U.S.C. § 1431, he first has to meet the definition of a child under 8 U.S.C. § 1101. This definition gives substantial discretion to the Secretary of Homeland Security in making the determination of who qualifies as a "child" under the statute. Because the Secretary of Homeland Security has

-8-

discretion in determining if 8 U.S.C. § 1431 applies, the prohibition on judicial review of this decision prevents this Court from exercising jurisdiction over Milakovich's claim. Accordingly, the Court does not have jurisdiction over Milakovich's claims based on the Immigration and Nationality Act.

    *C.    Other Possible Causes of Action.*

Because Milakovich is proceeding *pro se*, I will discuss other possible jurisdictional bases for Milakovich's complaint with respect to USCIS and the individual Defendants in their official capacities.

    1.    <u>The Mandamus Act</u>.

Milakovich's may be attempting to bring a claim pursuant to 28 U.S.C. § 1361 which states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "[m]andamus jurisdiction is appropriate only where (1) the defendant owes a clear nondiscretionary duty to the plaintiff and (2) the plaintiff has exhausted all other avenues of relief." *Lifestar Ambulance Servs., Inc. v. United States*, 365 F.3d 1293, 1295 (11th Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 615 (1984)).

Milakovich has not pointed to any nondiscretionary duty of USCIS to provide any of the relief he has requested. Instead, he asserts that due to the apparent delay in processing his I-600 which caused him to miss his window of opportunity to obtain nationalization of his adopted children, his children should be nationalized as of the time of his first I-600 application. However, there is no requirement that the Attorney General or Department of Homeland Security grant every petition with which they are presented nor has Milakovich shown that any statute or

regulation required a certain outcome of his petition.  In addition, he did not allege that the delay was unreasonable but that the urgency of the situation was because he was leaving the country where he was stationed quickly.  Milakovich has not pointed to any duty of USCIS to accelerate any action in these circumstances.  In addition, Milakovich has not shown that he has exhausted all other avenues of relief.  As an example, he did not pursue the I-300/I-485 avenue which was recommended by USCIS.  Accordingly, mandamus jurisdiction is not appropriate for Milakovich's case.

### 2. The Administrative Procedures Act.

The Administrative Procedures Act (APA) provides in relevant part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall-
>
> (1) compel agency action unlawfully withheld or unreasonably delayed;
>
> * * *
>
> In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

5 U.S.C. § 706 (1).  The APA further directs that "each agency shall proceed to conclude a matter presented to it . . . within a reasonable time." 5 U.S.C. § 555(b).  However, the APA only empowers a court to compel an agency "to perform a ministerial or non-discretionary act," or "to take action upon a matter, without directing *how* it shall act."  *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

First, as discussed above, the determination on the boys' citizenship is not a ministerial or non-discretionary act.  The Attorney General and Secretary of Homeland Security are vested with discretion at many steps in the determination.  Second, Milakovich is not requesting that the Court

-10-

order USCIS to take action upon any application; he is requesting that the Court direct USCIS *how* to act, i.e., grant his adopted boys citizenship from a prior point in time. Because Milakovich has not shown that he is requesting the performance of a ministerial or non-discretionary act or that he is only requesting that USCIS be directed to act instead of being told how to act, he has not shown that the APA provides jurisdiction over his claims.

### 3. The Declaratory Judgment Act.

The Declaratory Judgment Act, 28 U.S.C. § 2201, states that, "[i]n a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." Under the Declaratory Judgment Act, Congress merely enlarged the range of remedies available in federal courts, but did not extend their jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, the Declaratory Judgment Act does not provide an independent basis for jurisdiction where the court does not otherwise have jurisdiction. Accordingly, the Declaratory Judgment Act does not confer jurisdiction over Milakovich's claims.

### 4. Other Statutory Causes of Action.

Milakovich asserts in his response that his claims are brought pursuant to 42 U.S.C. § 14141. That section provides that the United States Attorney General may bring a suit to stop "any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, [from] engag[ing] in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States."

42 U.S.C. § 14141. This statute only provides for a cause of action brought by the Attorney General and is not applicable to Milakovich's claims. *See Greer v. Hillsborough County Sheriff's Dep't*, No. 8:04-cv-2034-T-23MSS, 2005 WL 2416031, *3 (M.D. Fla. Sept. 30, 2005) ("[N]o private right of action exists under 42 U.S.C. § 14141. . . . ").

In his response, Milakovich also asserts that jurisdiction exists under 42 U.S.C. § 1988. Section 1988 provides for attorneys' fees for cases brought under other sections, and does not confer jurisdiction over Milakovich's claims.

### D. *Claims Against Defendants Iglesias and McGahey.*

Defendants mention in their motion to dismiss that Milakovich is suing Iglesias and McGahey individually but that he did not allege that his case was brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In his response, Milakovich also mentions 42 U.S.C. § 1983 as a possible basis for jurisdiction over the individual defendants. *Bivens* provides a cause of action for constitutional violations against federal officials while § 1983 provides a parallel cause of action against state and local officials. *See Johnson v. Fankell*, 520 U.S. 911, 914 (1997). Because the individual Defendants are federal officials, *Bivens* rather than § 1983 would apply here.

*Bivens* does not provide for injunctive relief. Under *Bivens,* a "plaintiff may seek money damages from government officials who have violated h[is] constitutional or statutory rights." *Camreta v. Greene*, 131 S. Ct. 2020, 2030 (2011). In his supplemental complaint, Milakovich indicates that he is seeking money damages. Nevertheless, Milakovich's claim is due to be dismissed. "To establish a violation of due process, 'a claimant must first establish that he had a property or liberty interest at stake.' 'No property of liberty interest can exist when the relief

sought is discretionary.'" *Mi Ah Kim v. United States*, 609 F. Supp. 2d 499, 508 (D. Md. 2009)(internal citations omitted). As discussed herein, because the actions of the individual Defendants were discretionary, no *Bivens* claim has been stated.

\* \* \* \*

Because Milakovich has failed to show that this Court has jurisdiction over most of his stated or possible claims, and he does not allege facts sufficient to support a *Bivens* claim, his Second Amended Complaint and Second Supplemental Pleading to Court should be dismissed. Because the Court has already permitted Milakovich to file two amended complaints and a supplemental complaint, and he has been unable to plead a cause of action over which this Court has jurisdiction and which states a claim on which relief could be granted, it appears that dismissal with prejudice is appropriate.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint for Lack of Jurisdiction and for Failure to State a Claim,

Doc. No. 15, be **GRANTED** and that the Court **DISMISS** the case with prejudice. I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 13, 2012.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy